Aidan W. Butler (SBN 208399)
Attorney at Law
3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178

Attorneys for Plaintiff DAN RAINES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN RAINES, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ENRICH FINANCIAL, INC., a California corporation; SIMON'S AGENCY, INC., a New York corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES FOR**<br><br>**1. VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT;**<br><br>**2. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT;**<br><br>**3. VIOLATIONS OF THE CONSUMER CREDIT REPORTING AGENCIES ACT;**<br><br>**4. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br><br>**5. VIOLATIONS OF THE ROSENTHAL ACT.**<br><br>**DEMAND FOR JURY TRIAL** |

## I. JURISDICTION AND VENUE.

1. Jurisdiction of this Court arises under 15 U.S.C. section 1681p and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that Plaintiff's claim arose in this District.

## II. THE PARTIES.

2. The plaintiff, DAN RAINES (hereinafter collectively "Plaintiff"), is a natural person who, at all times relevant herein, was a resident of the State of California.

3. Defendant ENRICH FINANCIAL, INC. ("EFI") is and at all times herein was a California corporation doing business in the County of Los Angeles, State of California, and is a "credit repair organization" within the meaning of 15 U.S.C. section 1679a(3)(A).

4. Defendant SIMON'S AGENCY, INC. ("SAI") is and at all times herein was a New York corporation with its principal place of business located in Liverpool, New York, and is a "debt collector" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), and as defined by California Civil Code section 1788.2( c).

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

6. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants. All actions of each of the defendants were ratified and approved by the other named defendants.

## III. FACTUAL ALLEGATIONS.

7. On or around March 17, 2016, Plaintiff visited EFI's office in the San Fernando Valley, where EFI does business as "The Credit Repair Specialist," and was informed by personnel employed by EFI that EFI could remove various derogatory marks from his credit reports for a flat fee of $10,000.00.

8. Also on March 17, 2016, Plaintiff signed various contract documents prepared by EFI, including an authorization to deduct payment from his debit account. Plaintiff was not provided copies of any of the documents. He was, however, informed that there was a cooling off period in which he could cancel the contract.

9. Two days later, Plaintiff returned to EFI in person and informed them that he wished to cancel the contract.

10 Approximately two months after he canceled the contract, EFI triggered a $500.00 debit from Plaintiff's bank account. Plaintiff immediately telephoned EFI in disbelief to protest the seizure of his funds and to demand that the money be returned. EFI's representatives repeatedly informed Plaintiff that the decision makers at the company were unavailable, in effect giving Plaintiff the run-around repeatedly. Eventually Plaintiff gave up attempting to address the issue with EFI.

11. In or around May, 2019, Plaintiff learned that the SIMONS AGENCY, INC. (hereinafter "SAI") was reporting on his credit reports with Experian and Equifax that he owed a $9,500.00 debt to EFI, which it – SAI – was attempting to collect.

12. Thereafter, on several occasions, Plaintiff disputed the derogatory reporting by SAI to both Equifax and Experian, in writing. On information and belief, after receiving those disputes, Experian and Equifax scanned his dispute letters, and contacted SAI via an electronic form called ACDV (automated consumer dispute verification form), to which Plaintiff's dispute letter was attached, and asked SAI to conduct the legally required investigation. On all occasions, SAI responded

to the reporting agencies that the derogatory information about the existing $9,500.00 debt was accurate. SAI refused to correct the materially false information that had been provided to the reporting agencies.

13. Plaintiff also contacted SAI directly to dispute the misinformation they were providing to the consumer reporting agencies. On August 20, 2019, SAI wrote Plaintiff a letter ignoring the points Plaintiff raised in his dispute to them and the reporting agencies, and again claiming that he owed EFI $9,500.00, and admitting, "THIS IS AN ATTEMPT TO COLLECT A DEBT." Enclosed with the August 20, 2019, cover letter were various documents which Plaintiff had signed during his initial meeting at EFI. Included were various contract documents and disclosures which Plaintiff had not been provided copies of from EFI. These documents put SAI on notice that EFI had not complied with material provisions of the Credit Repair Organizations Act, that Plaintiff did indeed have a right to cancel the contract as he in fact did, and that the entire $9,500.00 "debt" was invalid.

14. As a result of the misconduct of the defendants, and each of them, Plaintiff suffered severe mental and emotional distress, including but not limited to anxiety, humiliation, stress, sleeplessness, despair, agitation, depression, and hopelessness.

15. As additional results of the defendants' conduct, as alleged above, Plaintiff has suffered damages including the following, among other things:

a) Decreased credit ratings and creditworthiness;

b) Actual monetary damages relating to closed credit lines and/or reduced credit limits, and missed credit opportunities; and

c) Out of pocket losses incurred as a result of Plaintiff's inability to use his credit where it was needed, as well as out of pocket expenses incurred in dealing with his emotional distress.

**FIRST CLAIM FOR RELIEF**

(For Violations of the Credit Repair Organizations Act Against EFI, and DOES 1

through 5, inclusive)

16. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 15 above.

17. EFI and Does 1 through 5, inclusive, violated the Credit Repair Organizations Act ("CROA"). Defendants' violations include, but are not limited to, the following:

a) Demanding and obtaining payment in advance for their credit repair services, in violation of 15 U.S.C. section 1679b(b);

b) Making untrue and/or misleading statements to Plaintiff about defendants' credit repair services, in violation of 15 U.S.C. section 1679b(a)(3);

c) Engaging in acts, practices, and/or courses of business that constituted or resulted in the commission of fraud or deception of Plaintiff in connection with their sale of credit repair services to Plaintiff, in violation of 15 U.S.C. section 1679b(a)(4);

d) Advising Plaintiff to utilize a falsified identification in order to conceal accurate credit information pertaining to Plaintiff, in violation of 15 U.S.C. section 1679b(a)(2); and

e) Failing to make the disclosures required under 15 U.S.C. section 1679c, *inter alia*.

18. As a result of the above violations of the CROA, EFI and DOES 1 through 5, inclusive, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the CROA, and Plaintiff's actual damages, punitive damages, costs and attorney's fees.

**SECOND CLAIM FOR RELIEF**

(For Violations of the Fair Credit Reporting Act Against SAI, and DOES 1 through 5, inclusive)

19. Plaintiff repeats and reincorporates by reference the paragraphs 1 through

18 above.

20. Plaintiff is a "consumer," as defined by the Fair Credit Reporting Act ("FCRA") section 603, codified at 15 U.S.C. §1681a(c).

21. By contrast, SAI is a "person," as defined by the FCRA section 603, codified at 15 U.S.C. §1681a(b), and is also a debt collector, as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), and as defined by California Civil Code section 1788.2( c).

22. Plaintiff properly disputed – and requested verification of – the alleged debt by written communication with major consumer reporting agencies.

23. SAI failed to conduct a proper investigation of the Plaintiff's dispute, failed to review information available to it, and failed to review all of the information purportedly provided to it by the credit reporting agencies, in violation of 15 U.S.C. §§1681s-2(b)(A) and 1681s-2(b)(B).

24. Despite knowing – or having reasonable cause to know – that Plaintiff's claims were truthful, and that the alleged debt was invalid, SAI verified the debt repeatedly, including to consumer reporting agencies, in violation of 15 U.S.C. §1681s-2(a).

25. Plaintiff has suffered actual damages as a direct result of SAI's misconduct, including – but not limited to – mental anguish and suffering, inconvenience, humiliation, frustration, anger, loss of sleep, and anxiety. Further, Plaintiff has been denied credit opportunities as a direct and proximate result of SAI's erroneous derogatory credit reporting.

26. Under 15 U.S.C. §1681o, SAI is liable to Plaintiff for attorney's fees, costs, and actual damages. Further, since SAI's violations were willful, SAI is liable for statutory damages and punitive damages under 15 U.S.C. §1681n(a).

### THIRD CLAIM FOR RELIEF

(For Violations of the Consumer Credit Reporting Agencies Act Against SAI, and

DOES 1 through 5, inclusive)

27. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 26 above.

28. The defendants, and each of them, violated the Consumer Credit Reporting Agencies Act ("CCRAA") – in particular, California Civil Code section 1785.25, inter alia – which states at paragraph (A), "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

29. The defendants knew or should have known based upon Plaintiff's disputes and/or the information provided to them by their own client and the reporting agencies – and by their own investigation – that the negative information they furnished about Plaintiff was incomplete, misleading and/or inaccurate.

30. Defendants failed to conduct a proper investigation of the information which they provided to the reporting agencies, including at least Trans Union, and failed to conduct a proper investigation.

31 Further, the defendants failed to initially note that the alleged debt they furnished inaccurate information about was disputed, despite being aware of that fact.

32. The conduct of the defendants was willful, thus entitling Plaintiff to an award of punitive and/or exemplary damages.

33. Plaintiff has suffered actual damages, including but not limited to mental distress including anguish and suffering, inconvenience, humiliation, frustration, anger loss of sleep, hopelessness and despair, harm to his reputation, indignity, stress, and anxiety.

**FOURTH CLAIM FOR RELIEF**

(For Violations of the Fair Debt Collection Practices Act Against SAI, and DOES 1

through 5, inclusive)

34. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 33, above.

35. Defendants, and each of them, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10);

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

c) Contacting Plaintiff directly despite knowing that Plaintiff was represented by counsel, in violation of 15 U.S.C. §1692c;

d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

36. As a direct and proximate result of the above violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to feelings of anguish, frustration, humiliation, anxiety, and stress, among other things. For that reason, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

**FIFTH CLAIM FOR RELIEF**

(For Violations of the Rosenthal Act Against SAI, and DOES 1 through 5, inclusive)

37. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 36 above.

38. Defendants, and each of them, knowingly and wilfully violated California's Rosenthal Fair Debt Collection Practices Act (hereinafter the "Rosenthal

Act"). Defendants' violations include, but are not limited to, the following acts performed in attempting to collect a consumer debt:

    a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10) and California Civil Code section 1788.17;

    b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f and California Civil Code section 1788.17;

    c) Contacting Plaintiff in an attempt to collect a debt after receiving a cease communication directive, in violation of 15 U.S.C. §1692c( c) and California Civil Code section 1788.17; and

    d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1992f(1) and California Civil Code section 1788.17.

39. As a result of defendants' violations of the Rosenthal Act, pursuant to Civil Code section 1788.30, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs.

WHEREFORE, Plaintiffs request that judgment be entered in their favor against the defendants as follows:

    1. Punitive and/or exemplary damages, both under common law and 15 U.S.C. section 1679g(a)(2), 15 U.S.C. section 1681n(a), and Civil Code section 1785.31;

    2. Statutory damages, pursuant to 15 U.S.C. section 1692k(a)(2), and/or Civil Code section 1788.30(b);

    3. Actual damages, pursuant to 15 U.S.C. section 1692k(a)(1), 15 U.S.C. section 1679g(a)(1), 15 U.S.C. §1681o, and/or Civil Code sections 1788.30(a) and and or 1785.31;

    4. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. section

1692k(a)(3),15 U.S.C. section 1679g(a)(3), 15 U.S.C. §1681o, and/or Civil Code sections 1788.30( c) and/or 1785.31;

5. Declaratory relief, including but not limited to a declaration that any agreement between Plaintiff and EFI is void under the Credit Repair Organizations Act;

6. For such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that plaintiff DAN RAINES requests a trial by jury.

Respectfully submitted,

DATED: August 20, 2020

By: _____
Aidan W. Butler
Attorney for Plaintiff
DAN RAINES