Doron F. Eghbali, Esq. (SBN: 259089)
Pal Lengyel-Leahu, Esq. (SBN: 147153)
**Law Advocate Group, LLP**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Email: doroneghbali@lawadvocategroup.com
Telephone: 310-651-3065
Facsimile: 310-601-7110


Attorneys for Defendant,
ENRICH FINANCIAL, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN RAINES, and individual,<br><br>          Plaintiff,<br><br>          v.<br><br>ENRICH FINANCIAL, INC., a California Corporation, SIMONS AGENCY, INC., a New York Corporation, and DOES 1-100, inclusive<br><br>          Defendant | Case No. 2:20-CV-07551-JFW-JC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>DATE: September 13, 2021<br>TIME: 1:30 pm<br>COURTROOM: 7A<br>JUDGE: Hon. John F. Walter<br>COMPLAINT FILED: 8/21/2020<br>Trial Date: 10/12/2021 |

**Law Advocate Group, LLP**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

**Law Advocate Group, LLP**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

# Table of Contents

I.    STATEMENT OF FACTS…………..……………………….……4

II.   LEGAL STANDARD ……………………………….……...4

III.  LEGAL ARGUMENT …………………………………….5–6

A. MOTION FOR SUMMARY JUDGMENT MUST BE DENIED IF THERE IS A GENUINE TRIABLE ISSUE AS TO ANY MATERIAL FACTS PURSUANT TO FED. R. CIV. P. 56(E)………………………………………….6.

B. THERE IS GENUINE MATERIAL FACTS THAT ENRICH FINANCIAL HAS NOT VIOLATED CROA PURSUANT TO 15 U.S.C. § 1679 c (a)………………………………………7.

C. THERE IS GENUINE MATERIAL FACTS THAT ENRICH FINANCIAL HAS NOT VIOLATED CROA PURSUANT TO 15 U.S.C. § 1679 c (b)………………………………..……..15.

D. THERE ARE GENUINE MATERIAL FACTS THAT ENRICH FINANCIAL HAS NOT VIOLATED CROA PURSUANT TO 15 U.S.C. § 1679d (a), 1679d (b) (4), 1679e(a)……………………………………………..16.

E. THERE ARE GENUINE MATERIAL FACTS THAT ENRICH FINANCIAL HAS NOT VIOLATED CROA PURSUANT TO 15 U.S.C. § 1679 d(b)………………………………….19

F. THERE ARE GENUINE MATERIAL FACTS THAT ENRICH FINANCIAL HAS NOT VIOLATED CROA PURSUANT TO 15 U.S.C. § 1679 e (c)……………………………………….21

G. THERE ARE GENUINE MATERIAL FACTS THAT ENRICH FINANCIAL HAS NOT VIOLATED CROA PURSUANT TO 15 U.S.C. § 1679 f (c), AND THE CONTRACT BETWEEN PLAINTIFF AND DEFENDANT IS NOT VOID………………………………..……………………….22

IV.   CONCLUSION………………………………………………23

DEFENDANT ENRICH FINANCIAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
CASE NO: 2:20-cv-07551-JFW-JC

**<ins>Table of Authorities</ins>**

**CASES**

*13 James Wm. Moore et al., Moore's Federal Practice ¶ 56.91[1] (3d ed. 2013)* ………………………………………………………………………………………….5

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) …………………………..5

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) ………….6

*James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008) ………………………………………………………………………….…6

*CompuCredit Corp. v. Greenwood* 132 S. Ct. 665, 671 (2012)……………………………………………………………………………….……..10,11,13

**STATUTES**

15 U.S.C. § 1679 c (a)……………………………………………..……….……….7,8,9,10

15 U.S.C. § 1679(b)……………………………………………………………..…………13–14

U.S.C. § 1679d (a), 1679d (b) (4), 1679e(a)…………………………14,15,16

15 U.S.C. § 1679 d(b)……………………………………………………….…..…….16,17

15 U.S.C. § 1679 e (c)……………………………………………………..…………….18

**RULES**

Federal Rules of Civil Procedure, Rule 56 (c)(1)(A) ………………………5

Federal Rule of Civil Procedure, Rule 56 56(c)(3) ………………….…………5

Federal Rule of Civil Procedure, Rule 56 (c) ………………………………..…6

Federal Rule of Civil Procedure, Rule 56 (e) ……………………………..….6

DEFENDANT ENRICH FINANCIAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
CASE NO: 2:20-cv-07551-JFW-JC

**Law Advocate Group, LLP**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF FACTS

Defendant ENRICH FINANCIAL, INC., submits the following memorandum of points and authorities in opposition to Plaintiff's Motion for Partial Summary Judgment ("the Motion") (ECF No. 54) in the above-entitled captioned action (the "Action").

Accordingly, Defendant ENRICH FINANCIAL, INC. respectfully requests that Plaintiff's Motion for Partial Summary Judgement be dismissed in its entirety

## II.    SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure states that a motion for summary judgment must be supported or opposed by "citing to particular parts of materials in the record," to include "depositions, documents, electronically stored information, affidavits or declarations, stipulations admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A)

Rule 56 allows a party to a civil lawsuit to move for summary judgment on a claim, counterclaim, or crossclaim on the ground that there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. The court may consider only the materials cited by the parties to support or oppose the motion, although it has the discretion to consider

4

Law Advocate Group, LLP
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

other materials in the record. See Fed. R. Civ. P. 56(c)(3).

While Rule 56 only refers to admissible evidence in the context of affidavits or declarations, any materials offered in support of or in opposition to a summary judgment motion that would be inadmissible at trial, assuming the presence of all testifying witnesses in the courtroom, may be disregarded. This is implicit from the summary judgment standard that a court must determine whether there are any genuine disputes of material fact. 13 James Wm. Moore et al., Moore's Federal Practice ¶ 56.91[1] (3d ed. 2013). Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to

5

go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. _Anderson v. Liberty Lobby, Inc.,_ 477 U.S. 242, 248 (1986). The Court may not grant summary judgment if a "reasonable juror, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." _James River Ins. Co. v. Hebert_ _Schenk, P.C_., 523 F.3d 915, 920 (9th Cir. 2008).

### III. LEGAL ARGUMENT

#### A. MOTION FOR SUMMARY JUDGMENT MUST BE DENIED IF THERE IS A GENUINE TRIABLE ISSUE AS TO ANY MATERIAL FACTS PURSUANT TO FED. R. CIV. P. 56(E)

The Plaintiff's Motion TO Partial Summary Judgment should be denied on two independent grounds. First, it is premature in that Plaintiff DAN RAINES has failed to provide substantive responses to Defendant ENRICH FINANCIAL INC.'S discovery requests Set Two and Defendants have had no opportunity to review the final verified deposition transcripts to include

6

Law Advocate Group, LLP
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

**Law Advocate Group, LLP**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

excerpts and citations in this Opposition. Second, even on the record as it currentlystands, there are numerous genuine issues of material fact which preclude the entry of summary judgment, (ECF No. 36) that evidently show that Defendant ENRICH FINANCIAL has not violated CROA, and for the said reason Plaintiff is not entitled to partial summary judgment.

### B. THERE IS GENUINE MATERIAL FACTS THAT ENRICH FINANCIAL HAS NOT VIOLATED CROA PURSUANT TO 15 U.S.C. § 1679 c (a):

Pursuant to 15 U.S.C. § 1679 c (a), Any credit repair organization shall provide any consumer with the following written statement before any contract or agreement between the consumer and the credit repair organization is executed: ''You have a right to dispute inaccurate information in your credit report by contacting the credit bureau directly. However, neither you nor any 'credit repair' company or credit repair or organization has the right to have accurate, current, and verifiable information removed from your credit report. The credit bureau must remove accurate, negative information from your report only if it is over 7 years old. Bankruptcy information can be reported for 10 years, ''You have a right to obtain a copy of your credit report from a credit bureau. You may be charged a reasonable fee. There is no fee, however, if you have been turned down for credit, employment, insurance, or a rental dwelling because of information in your credit report

7

within the preceding 60 days; "The credit bureau must provide someone to help you interpret the information in your credit file; ''You have a right to sue a credit repair organization that violates the Credit Repair Organization Act. This law prohibits deceptive practices by credit repair organizations; "You have the right to cancel your contract with any credit repair organization for any reason within 3 business days from the date you signed it; ''Credit bureaus are required to follow reasonable procedures to ensure that the information they report is accurate. However, mistakes may occur." You may, on your own, notify a credit bureau in writing that you dispute the accuracy of information in your credit file. The credit bureau must then reinvestigate and modify or remove inaccurate or incomplete information. The credit bureau may not charge any fee for this service. Any pertinent information and copies of all documents you have concerning an error should be given to the credit bureau."

Plaintiff's Motion for Summary Judgement incorrectly argues that they are entitled to summary judgment, because ENRICH FINANCIALS' Consumer's Contract that was entered into between the Plaintiff and Enrich Financial has omitted or left out portions of the statement provided by 1679 c (a). (Pg. 4, lns.23–25).

However, according to the contract that was signed by

8

Law Advocate Group, LLP
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

**Law Advocate Group, LLP**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

Plaintiff, DAN RAINS on 03/17/16, the contract contains the precise language of CROA 15 U.S.C. § 1679 c (a), as followed: ''You have a right to obtain a copy of your credit report from a credit bureau. You may be charged a reasonable fee. There is no fee, however, if you have been turned down for credit, employment, insurance, or a rental dwelling because of information in your credit report within the preceding 60 days; "The credit bureau must provide someone to help you interpret the information in your credit file; "You have a right to dispute inaccurate information in your credit report by contacting the credit bureau directly. However, neither you nor any 'credit repair' company or credit repair or organization has the right to have accurate, current, and verifiable information removed from your credit report. The credit bureau must remove accurate, negative information from your report only if it is over 7 years old. Bankruptcy information can be reported for 10 years; If you have notified a credit reporting agency in writing that you dispute the accuracy of information in your credit file, the consumer credit reporting agency must then reinvestigate and modify or remove inaccurate information. The consumer credit reporting agency may not charge a fee for this service; Any pertinent information and copies of all documents you have concerning an error should be given to the consumer credit reporting agency. If reinvestigation does not resolve the

9

dispute to your satisfaction, you may send a brief statement to the consumer credit reporting agency to keep in your file, explaining why you think the record is inaccurate". (Exhibit 3, Pg. 2 of 10, first paragraph).

The contract also contains the statement in regard to the right to cancel the contract as followed," You have a right to cancel the contract for any reason within "*Five"* working days from the date you signed it. If for any reason you do cancel the contract during this time, you do not owe any money. You have a right to sue a credit services organization if it misleads you." (Exhibit 3, Pg. 2 of 10, last paragraph in bold). The intent of CROA is to prevent credit repair organizations from engaging in unfair business practices, to the detriment of consumers (15 U.S.C. §1679 (b)). This is especially relevant in the balance billing arena, in which firms may offer assistance repairing a patient's credit after disputed charges are resolved. Based on the detailed and precise language of the contract that stated above, ENRICH FINANCIAL had not engaged in any unfair and deceptive business, because it undoubtedly complied with CROA terms and condition. Evidently, ENRICH FINANCIAL has worked with its consumers' best interest, for instance, CROA 15 U.S.C. § 1679 c (a), merely required 3 business days to cancel the contract for any reason from the date of the contract, however, ENRICH FINANCIAL provided 5 working days from the date consumer

10

**Law Advocate Group, LLP**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

signed the contract to cancel the contract, and if a consumer decides for any reason to cancel the contract during that period, the consumer does not owe any money to ENRICH FINANCIAL. Plaintiff improperly argued on the Motion for Summary judgment that, "ENRICH's notice did not harmlessly simplify the various paragraphs of 1679 c (a) or use synonymous language which provides equivalent meaning." (Pg. 5, lns. 3-4). However, ENRICH's contract is in full compliance with CROA as mentioned earlier since it encompasses the exact language of CROA pursuant to 15 U.S.C. § 1679 c (a) (Exhibit 3, Pg. 2 of 10).

According to *CompuCredit Corp. v. Greenwood* 132 S. Ct. 665, 671 (2012) a California Supreme Court Case, "The disclosure provision is meant to describe the law to consumers in a manner that is concise and comprehensible to the "*layman*", which necessarily means that it will be imprecise." The disclosure provision creates only a right for consumers to receive a specific statement describing the consumer protections that the law elsewhere provides, one of which is the right to enforce a credit repair organization's liability for failure to comply with the Act. (§ 1679 g(a)).

The language incorporated into ENRICH FINANCIAL's contract on page 2 of 10 labeled, "Consumer Credit File Rights Under State and Federal Law." The section in question is bolded and immediately preceding the signature line. The sentence in bold

**Law Advocate Group, LLP**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

11

state, "You have a right to sue a credit service organization if it misleads you." This language is clear, concise, and palatable towards a general consumer. This straightforward language has made the language more palatable to the consumer and a layman who would be unfamiliar with arcane contractual rhetoric. The intent of ENRICH FINANCIAL and the statute is to clearly convey to the consumer they have a right to sue a Credit Repair Organization for fraudulent activity.

Plaintiff's position is that Defendant clearly misunderstands the contract's language because Defendant omitted or failed to cite the exact language of the statute. Pursuant to the SUPREME COURT case, *CompuCredit Corp. v. Greenwood* was observing that the required language was drafted by Congress to be comprehensible to the layman and was therefore somewhat imprecise; the Court was not in any way inviting credit repair organizations to revise the disclosure language to make it, in their own opinion, more "comprehensible to the layman." There are no facts to indicate that Defendant's contract was in any manner incomprehensible to any layperson, and even if that was a case, there's no dispute by the Plaintiff that he did not understand the terms and condition of the contract before signing the contract.

Based on the call logs (exhibit) and the lengthy communication between DAN RAINS and ENRICH FINANCIAL's staffs,

**Law Advocate Group, LLP**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

12

which was recorded and stored after each telephonic communication by a software call CRM (exhibit), it clearly showed that DAN was responding to ENRICH FINANCIAL's staff's inquires. On March 21, 2016, a staff from ENRICH FINANCIAL reached out to DAN, and explained to DAN that ENRICH successfully finished the setup phase, and further mentioned how they educated and consulted DAN as to the knowledge and understanding the FICO scores, as well as analysis and review of the credit report, and also notified DAN that his set up fee was due. She also notified DAN to find his signed contract on the attachment. There was another call by the same staff on 04/07/16, which explained to DAN the responsibility of ENRICH FINANCIAL. She collected some information and documentation necessary to communicate and correspond with the credit bureaus, creditors, and collection organization. She also notified DAN that ENRICH created individual online portal for tracking documents, performing an action plan to remove or correct an inaccurate, unverified, and questionable items on their report. She mentioned to DAN that his set up fee was due, and DAN authorized ENRICH FINANCIAL to deposit the $500.00 check. On April 20th, 2016, same staff reached out to DAN to informed him that ENRICH had prepared and sent communications to Bureaus on his behalf to verified and/or challenge the accuracy of your credit reports, and asked DAN to bring any letters that he was

Law Advocate Group, LLP
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

13

going to receive from creditors and Credit Bureaus. On April 25, 2016, ENRICH staff reached out to DAN to notified him that his $500 check has been returned due to NSF fee. Apparently, based on the conversation logged, the attempt was a voice mail, and DAN returned the call the same day and mentioned that "I forgot, I'll mail the checks." On May 10th, 2016, DAN communicated with ENRICH that he received some letters from Credit Bureaus, and he promised to drop of the correspondence and the payment for the pending payment at the Glendale office, since his $500.00 was returned. On May 25th, 2016, a staff from ENRICH FINANCIAL spoke with DAN, and DAN stated that he was happy with the result and stated that he was going to drop off more letters as he received them. DAN also mentioned that he was going to bring payments, so he didn't have to mail check every month. DAN further stated that he was going to introduce a friend to ENRICH FINANCIAL. The following factual proof clearly show that DAN RAINS did not cancel his contract before the 5-day grace period, and his entire allegations are fatal and without any factual support. There are no proof to support his allegation that ENRICH FINANCIAL's contract violated CROA, and as a result DAN misunderstood the terms of the contract. DAN was responsive to the ENRICH's staff's communication about the services that was being provided to DAN, and the communication explicitly indicate that DAN was fully aware of all the services that were being

14

provided to him by ENRICH FINANCIAL, and he had a full knowledge of the fess associated with the services rendered.

Accordingly, triable issues of material fact exist regarding whether Defendant, ENRICH FINANCIAL violated the terms of its contract based on CROA pursuant to 15 U.S.C. § 1679 (c) (a).

### C. THERE IS GENUINE MATERIAL FACTS THAT ENRICH FINANCIAL HAS NOT VIOLATED CROA PURSUANT TO 15 U.S.C. § 1679 c (b):

Pursuant to § 1679 c (b), "The written statement required under this section shall be provided as a document which is separate from any written contract or other agreement between the credit repair organization and the consumer, or any other written material provided to the consumer."

According to the Defendant's contract, "The disclosures required by the Credit Repair Organizations Act sections provided are found in a single document entitled, "Consumer Credit Files Rights Under State and Federal Law." In this case, all the required disclosures are found in this single document with the above mentioned- heading and a signature block at the end. The statute read literally, means that this had to be a sperate and distinct from any other comprehensive document. Here, this document is clearly distinct as it is separated with its own title and own signature block. (Exhibit 3, pg. 1 & 2 of 10, (SAI008 & SAI009).

**Law Advocate Group, LLP**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

15

**Law Advocate Group, LLP**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

Plaintiff further alleged on the Motion to Summary judgment that, "The portion of the 1679 c (a) statement which ENRICH did include were part of a larger contract and surrounded by legal language which imposed obligation on the consumer, thus Enrich violated 1679 c (b). However, Plaintiff's allegations are nebulous and groundless as it failed to explain what "larger contract" mean. There is only one contract exist between Plaintiff and Defendant (Exhibit 3). The Supreme Court Case, CompuCredit *Corp. v. Greenwood,* mentioned that in case of deceptive and fraudulent activity by credit repair organization, the consumer may sue the organization by going to arbitration. Defense counsel's reasoning that a contract or agreement contains provisions that imposed obligation on the consumer is merely an argument without any provable base by law or statute.

Therefore, for the stated reasons, Defendant has not violated the CROA pursuant to 1679c(b).

D. **THERE ARE GENUINE MATERIAL FACTS THAT ENRICH FINANCIAL HAS NOT VIOLATED CROA PURSUANT TO 15 U.S.C. § 1679d (a), 1679d (b) (4), 1679e(a):**

Pursuant to § 1679d (a)," No services may be provided by any credit repair organization for any consumer— (1) unless a written and dated contract (for the purchase of such services) which meets the requirements of subsection (b) has been signed by the consumer; or (2) before the end of the 3-business-day period beginning on the date the contract is signed."

16

Plaintiff's alleged on the Motion that, "ENRICH's contract admits that it violated section 1679 (d) (a) (2), on page 8 of 10, entitled "Credit Card/Refund Policy", by stating "this charge is final and strictly a NON-REFUNDABLE purchase, and the service has been rendered already!!".

However, Plaintiff's counsel has deliberately misinterpreted the terms and condition of ENRICH's contract to mislead the court on considering the possibility of granting the partial summary judgment in the Plaintiff's favor. According to ENRICH's contract, it explicitly cited the right of the consumer to cancel the contract on Pg. 2 of the contract, and again on Pg. 8. (See Exhibit 3). The Pg. 2, stated, "You have a right to cancel the contract for any reason within Five working days from the date you signed the contract. If for any reason you do cancel the contract during this time, you do not owe any money. You have a right to sue a credit services organization if it misleads you." Pursuant to § 1679d (a), "No services shall be provided before the end of the business day", however, ENRISH extended that period to Five working days, because ENRICH's intention is to provide a true and most genuine credit repair service to its consumer free of any pressure and doubts.

Plaintiff's Counsel completely misinterpreted the language on Pg. 8 of the Contract. The fourth and fifth sentence of the contract stated, "I understand that I have 5 days to cancel the

Law Advocate Group, LLP
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

service and request a full money back from the date of signing the contract. I respect and fully understand the 5-day cancellation period and all the charges "*after*" 5 days of signing the contract is FINAL and no refund will be applicable." The Contract clearly states that the charges are non-refundable after the 5 days of signing the contract, and yet, Plaintiff's Counsel made up a language that was not even part of ENRICH's contract, such as "This is final and strictly NON-REFUNDABLE purchase and service has already been rendered." This language does not exist anywhere in the contract, and its only purpose is to mislead the court. The Plaintiff's Counsel intentionally left out the most important section of the statute that is part of Defendant's contract which clearly show full compliance with cancellation policy. Plaintiff alleged that ENRICH FINANCIAL violated § 1679d (b) (4), which requires," a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: ''You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. As mentioned earlier, ENRICH FINANCIAL's contract Pg. 8 of 10, clearly have a section that stated, "I understand that I have 5 days to cancel the service and request a full money back from the date of signing the contract. I respect and fully understand

18

**Law Advocate Group, LLP**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

the 5-day cancellation period and all the charges after 5 days of signing the contract is final and no refund will be applicable." This section unambiguously put consumers on notice of their right to cancel their contract before the grace period of 5 business days. Therefore, this section of the contract is in full compliance with

§ 1679d (b) (4), because ENRICH FINANCIAL went beyond the 3-day grace period required by the statute and allowed 5-day for its' cancellation policy.

Therefore, Defendant ENRICH FINANCIAL's contract pertinent to cancellation policy is in complete compliance with § 1679d (a), 1679d (b) (4), 1679e(a) based on the said reasons, and ENRICH FINANCIAL has not violated the CROA.

E. **THERE ARE GENUINE MATERIAL FACTS THAT ENRICH FINANCIAL HAS NOT VIOLATED CROA PURSUANT TO 15 U.S.C. § 1679 d(b):**

Pursuant to § 1679 d(b), "No contract referred to in subsection (a) meets the requirements of this subsection unless such contract includes (in writing)— (1) the terms and conditions of payment, including the total amount of all payments to be made by the consumer to the credit repair organization or to any other person; (2) a full and detailed description of the services to be performed by the credit repair organization for the consumer, including— (A) all guarantees of performance; and (B) an estimate of— (i) the date by which the

**Law Advocate Group, LLP**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

19

performance of the services (to be performed by the credit repair organization or any other person) will be complete; or (ii) the length of the period necessary to perform such services."

Plaintiff alleged on their Notice of the Motion that ENRICH FINANCIAL failed to provide a full and detailed description of the services to be performed by the credit repair organization for the consumer, including all guarantees of performance, and estimate of the date by which the performance of the services to be performed by the credit repair organization will be complete or the length of the period necessary to perform such a service". (Pg. 7, lns. 3-9). However, ENRICH FINANCAIL's contract stated on Pg. 3 of 10, first paragraph, that, "This agreement is made today, 03/17/16, between DAN WILLAIMS RAINS. This agreement shall terminate on 03/17/2017 unless earlier terminated or extended." This language precisely follows the statute's requirement for the term of the contract. On the 3rd paragraph of page 3, the contract explained in detailed the charges and the services will be provided associated with the fess as followed," The Client agreed to pay a fee of $10,000 dollars for credit repair service. The client understands that there will be an initial first work fee of $500 for an individual be billed after the setup and analysis has been fully performed. After the initial setup has been completed, The

**Law Advocate Group, LLP**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

20

Credit Repair Specialist program will audit the Client's credit reports and develop a plan to detect, correct, or change inaccurate, unverifiable, and obsolete items under current and federal and state law during this contract. Client understands and agrees that after a month of services has been fully performed, a fee of $500 for an individual will be due, and this fee is for all costs and fees associated with the previous month's services." Based on these specific and precise language of this section, ENRICH FINANCIAL outlined in details all the services and cost associated with them, and Client DAN RAINS signed on the bottom of the page without any contention about the fees or the type of services that was going to be performed by ENRICH FINANCIAL in regard to his credit repair needs.

Therefore, ENRICH FINANCIAL's contract complied with CROA § 1679 d(b), and has not violated this section.

F. **THERE ARE GENUINE MATERIAL FACTS THAT ENRICH FINANCIAL HAS NOT VIOLATED CROA PURSUANT TO 15 U.S.C. § 1679 e (c):**

Pursuant to § 1679 e (c), Consumer copy of contract required: "Any consumer who enters into any contract with any credit repair organization shall be given, by the organization— (1) a copy of the completed contract and the disclosure statement required under section 1679c of this title; and (2) a copy of any other document the credit repair organization requires the consumer to sign, at the time the contract or the

Law Advocate Group, LLP
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

other document is signed." Plaintiff alleged on their Motion Pg. 9, lns. 15-18, that Defendant failed to provide copies of any documents that was signed by Plaintiff, until August 2019 after sending a written dispute to the debt collector." However, these allegations are without factual support, because ENRICH FINANCIAL provides the copies of every document as a company policy that is being presented to the clients for their signatures and makes sure the clients fully understand the terms and condition of the contract. EVIDENTLY, the staff from ENRICH also sent the contract as an attachment to DAN RAINS on 03/21/2016 via CMR (See Exhibit).

Therefore, based on the said reasons, ENRICH FINANCIAL has not violated § 1679 e (c).

### G. THERE ARE GENUINE MATERIAL FACTS THAT ENRICH FINANCIAL HAS NOT VIOLATED CROA PURSUANT TO 15 U.S.C. § 1679 f (c), AND THE CONTRACT BETWEEN PLAINTIFF AND DEFENDANT IS NOT VOID.

Pursuant to § 1679 f (c): Any contract for services which does not comply with the applicable provisions of this subchapter: (1) Shall be treated as void; and (2) may not be enforced by any Federal of State Court or any other person." Plaintiff argued on the Motion that Defendant ENRICH FINANCIAL did not comply with the CROA, and the contract is void. However, as outlined through this document, DEFENDANT's contract has met every section of CROA, and based on the Plaintiff DAN RAINS's ongoing communication with ENRICH FINANCIAL, he was had a full

22

understanding of ENRICH's obligation and his own obligation to pay for services as they were being rendered.

Therefore, ENRICH FINANCIAL has not violated any section of CROA, and the contract is not void.

### IV.    CONCLUSION

For the foregoing reasons, Defense counsel respectfully requests that Plaintiff's Motion for Partial Summary Judgment be dismissed in its entirety as it pertains to ENRICH FINANCIAL, INC.

DATED:   August 23, 2020

LAW ADVOCATE GROUP

*Doron Eghbali*

By: _____

DORON EGHBALI
Attorneys for Defendant
ENRICH FINANCIAL, INC.

**PROOF OF SERVICE**

23

DEFENDANT ENRICH FINANCIAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
CASE NO: 2:20-cv-07551-JFW-JC

**Law Advocate Group, LLP**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

**IT IS HEREBY CERTIFIED THAT:**

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 9701 Wilshire Blvd. Suite 1000, Beverly Hills CA 90211.

I am not a party to the above-entitled action. I have caused service of:

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

On the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

| **ATTORNEY FOR PLAINTIFF** | **ATTORNEY FOR DEFENDANT** |
|---|---|
| **Aiden W. Butler** | **Grace Felipe** |
| Attorney at Law | Carlson & Messer LLP |
| 3550 Wilshire Blvd., Suite 1924 | 5901 W. Century Blvd. |
| Los Angeles, California 90010 | Suite 1200 |
| Phone: (213) 388 – 5168 | Los Angeles, CA 90045 |
| tocontactaiden@gmail.com | Telephone: (310) 242-2200 |

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on, August 23, 2021 at Los Angeles, California.

_____*Rema Ruiz*_____                    ___/s/___*Rema Ruiz*___

(Printed)                                         (Signature)

24

DEFENDANT ENRICH FINANCIAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
CASE NO: 2:20-cv-07551-JFW-JC