Aidan W. Butler (SBN 208399)
3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
Telephone:  (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff DAN RAINES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN RAINES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ENRICH FINANCIAL, INC., a California corporation; SIMON'S AGENCY, INC., a New York corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO.: 2:20-cv-07551-JFW-JC**<br><br>**REPLY TO OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**DATE: September 13, 2021**<br>**TIME: 1:30 pm**<br>**COURTROOM: 7A** |

**COMES NOW** plaintiff DAN RAINES and submits his Reply to the Opposition filed by defendant ENRICH FINANCIAL, INC. ("Enrich") to his Motion for Partial Summary Judgment (ECF No. 58), as follows:

2:20-cv-07551-JFW-JC                  i                         REPLY TO OPPOSITION

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ...............................................................................**ii**

**TABLE OF AUTHORITIES** ........................................................................**iii**

**MEMORANDUM OF POINTS AND AUTHORITIES** ................................. **1**

**I. ARGUMENT** ...............................................................................................**1**

    **A. ENRICH HAS FAILED TO DEMONSTRATE ANY MATERIAL DISPUTE AS TO WHETHER IT VIOLATED 15 U.S.C. § 1679c(a)** .............................................................................**1**

    **B. ENRICH HAS FAILED TO DEMONSTRATE ANY MATERIAL DISPUTE AS TO WHETHER IT VIOLATED 15 U.S.C. § 1679c(b)** .............................................................................**5**

    **C. ENRICH HAS FAILED TO DEMONSTRATE ANY MATERIAL DISPUTE AS TO WHETHER IT VIOLATED 15 U.S.C. §§1679d(a), 1679d(b)(4), 1679e(a)**...............................................**6**

    **D. ENRICH HAS FAILED TO DEMONSTRATE ANY MATERIAL DISPUTE AS TO WHETHER IT VIOLATED 15 U.S.C. § 1679d(b)** .............................................................................**7**

    **E. ENRICH HAS FAILED TO DEMONSTRATE ANY MATERIAL DISPUTE AS TO WHETHER IT VIOLATED 15 U.S.C. § 1679e( c)**..............................................................................**8**

    **F. ENRICH HAS FAILED TO DEMONSTRATE ANY MATERIAL DISPUTE AS TO WHETHER IT VIOLATED 15 U.S.C. § 1679f( c)**..............................................................................**9**

**II. ENRICH'S ARGUMENT REGARDING DISCOVERY IS MERITLESS** ..................................................................................................**10**

**III. CONCLUSION** ....................................................................................**10**

# TABLE OF AUTHORITIES

**CASE LAW**

*Compucredit v. Greenwood* (2012) 132 S.Ct. 665, 671, 565 U.S. 95 ...................4, 6

*Rannis v. Fair Credit Lawyers, Inc.*,
   489 F. Supp. 2d 1110, 1118 (C.D. Cal. 2007) .................................................3

**STATUTES**

15 U.S.C. §§1679b(a)(3), 1679b(a)(4) ...............................................................3

15 U.S.C. § 1679c(a)...........................................................................................1-5

15. U.S.C. § 1679c(b) ........................................................................................5-6

15 U.S.C. §1679d(a)(2)......................................................................................6-7

15 U.S.C. §1679d(b)(4)......................................................................................6-7

15 U.S.C. §1679e(a) ..........................................................................................6-7

15 U.S.C. §1679e( c) ...........................................................................................9

15 U.S.C. §1679f( c) ...........................................................................................9

Fed. R. Civ. Pro. 30(f)........................................................................................8

Fed. R. Civ. Pro 56(d) .......................................................................................10

**OTHER**

Central District Local Rule 56-2 .......................................................................9

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. ARGUMENT:

### A. ENRICH HAS FAILED TO DEMONSTRATE ANY MATERIAL DISPUTE AS TO WHETHER IT VIOLATED 15 U.S.C. § 1679c(a).

Plaintiff's motion excerpts several portions of the notice required by CROA at 15 U.S.C. § 1679c(a) which were not included in Enrich's condensed and reorganized version of the notice at Ex. "3," page 2.   The missing sections are:

"You have a right to sue a credit repair organization that violates the Credit Repair Organization Act. This law prohibits deceptive practices by credit repair organizations";

"Credit bureaus are required to follow reasonable procedures to ensure that the information they report is accurate. However, mistakes may occur";

And:

"The Federal Trade Commission regulates credit bureaus and credit repair organizations. For more information contact For more information contact: [¶] The Public Reference Branch [¶] Federal Trade Commission [¶] Washington, D.C. 20580."

The three paragraphs above were not, as a matter of empirical fact, included in the statement provided to Plaintiff by Enrich.   (See Exhibit 3, page 2.)

In its Opposition, Enrich does not actually claim that the foregoing paragraphs were included in its notice to Plaintiff.   Yet in its Statement of Genuine Disputes (ECF No. 58-1), Enrich responded to Plaintiff's SUF #3, "Enrich provided Plaintiff with a statement that failed to include all of the text required by 15 U.S.C. §

1679c(a)," by stating, "Disputed."   This is a patently unfounded dispute.  All Enrich needed to do to ascertain that its statement (Ex "3," p. 2) did *not* include the provisions quoted above from section 1679c(a) was compare its statement with the statutory language.  This is not a needle-in-a-haystack endeavor; both page 2 of Exhibit "3" and the statement required by section 1679c(a) are no more than one page.  Yet Enrich patently got it wrong.  And Enrich's false dispute is all the more untenable since in support of its "dispute," Enrich lists all of the portions of the section 1679c(a) which *were* included in its own statement.   (See Enrich's Statement of Undisputed Facts, ECF No. 58-1, pp. 3 - 4, right column.)  In performing this exercise, Enrich cannot possibly have overlooked the fact that the three excerpts of section 1679c(a) quoted above were not among the portions of the statute which it did manage to include.[1]   Further, if Enrich honestly disagreed with Plaintiff's argument that it omitted text required by section 1679c(a), it could simply have applied a highlighter pen to page 2 of Exhibit "3," showing where the text claimed missing by Plaintiff can actually be found.  Enrich didn't do this.  Its dispute of Plaintiff's SUF #3 was not candid.

While Enrich did include the statement, "You have a right to sue a credit services organization if it misleads you" in its notice (Ex. "3," p. 2), it was added not within the body of the section 1679c(a) statement, but just above the signature lines. However, that language is less meaningful and more restrictive than the language drafted by congress:

---

[1]   The only "evidence" cited by Enrich in Statement in support of its dispute is the parties' joint statement re LR 7-3 (ECF. No. 36), specifically, the section summarizing the defense's own arguments regarding its "compliance" with section 1679c(a).  How this constitutes "evidence" is unclear.

| 1679c(a) requires: | Enrich's Contract provided at Ex. "3" p. 2: |
|---|---|
| "You have a right to sue a credit repair organization that violates the Credit Repair Organization Act. This law prohibits deceptive practices by credit repair organizations." | "You have a right to sue a credit services organization if it misleads you." |

The language required by the Act is broader, more accurate, and more complete. Enrich's customers could sue not only if Enrich misled them, but even if Enrich engaged in deceptive practices which did not necessarily result in actual deception (15 U.S.C. §§1679b(a)(3), 1679b(a)(4)), or if Enrich violated the CROA in other, not necessarily deceptive ways, such as failing to include mandatory notices (15 U.S.C. §§1679c(a), 1679c(b)).   As pointed out by the court in *Rannis v. Fair Credit Lawyers, Inc*., 489 F. Supp. 2d 1110, 1118 (C.D. Cal. 2007), while certain provisions of CROA specifically require deceitful or misleading intent, one need not engage in fraud to be a credit repair organization or to violate other CROA provisions.   Further, the required language actually notifies the consumer of the law that governs the transaction – the Credit Repair Organizations Act.  There is no reference to CROA in Enrich's contract.  Finally, Enrich changed the object of the first sentence from "Credit Repair Organization" to "credit services organization." This is convenient, since Enrich calls itself the "Credit *Repair* Specialist."   (See Ex. "3," p. 1, etc.)

Enrich's abridged version of the required statement denied consumers critical information included in section 1679c(a), such as the name of the federal law governing the very entity the consumer was about to do business with, and the name and contact information of the agency charged with regulating such entities.

Much of Enrich's argument focuses on unauthenticated call logs and CRM records.  These have no bearing on whether Enrich's contract included the text

required by section 1679c(a).  Further, they are – to a large extent – objectionable hearsay.   (See the concurrently filed Evidentiary Objections.)

Enrich states falsely, "ENRICH's contract is in full compliance with CROA as mentioned earlier since it encompasses the exact language of CROA pursuant to 15 U.S.C. § 1679 c (a)."  (Opposition, 11:9-11).   In fact, the compliance is not "full" because the Enrich watered down important text, as described above, and omitted entire paragraphs.

Ironically, after congratulating itself on achieving "full compliance," Enrich goes on to argue that the U.S. Supreme Court downplayed any requirement of full compliance.   The defense misreads *Compucredit v. Greenwood* (2012) 132 S.Ct. 665, 671, 565 U.S. 95, as somehow permitting credit repair organizations flexibility in their implementation of section1679c(a).   No language in the decision remotely supports this misinterpretation.   Moreover, the statute itself is clear that **"**Any credit repair organization shall provide any consumer with *the following written statement* before any contract or agreement between the consumer and the credit repair organization is executed . . ."   (Italics emphatic.)  Section 1679c(a) does not state, "Any credit repair organization shall provide any consumer with a statement kind of like this," or "with 70% of the text below..."   The fact that Enrich partly quoted from the statute – and got the name of the document right – demonstrates Enrich's awareness of the statute.  The omissions and reorganization have to be seen as purposeful departures from the law.

Finally, Enrich's Statement of Genuine Disputes at page 3, lines 26-28, falsely attributes language taken from page 1 of the Enrich/Raines contract to its section 1679c(a) notice at Exhibit "3," page 2 : "Credit Repair Services [sic: Specialist] shall provide all services in strict accordance with the applicable laws and regulations related to credit repair services."  That delusional language was not itself part of the disclosure required by section 1679c(a), so it is unclear why the defense included it in the Statement of Undisputed Facts at all.

## B. ENRICH HAS FAILED TO DEMONSTRATE ANY MATERIAL DISPUTE AS TO WHETHER IT VIOLATED  15 U.S.C. § 1679c(b).

Not only did the statement provided by Enrich fail to include all of the text required by section 1679c(a), it did not comply with the formal requirements of 1679c(b).   Section 1679c(b) states, "[t]he written statement required under this section shall be provided as a document which is separate from any written contract or other agreement between the credit repair organization and the consumer, or any other written material provided to the consumer."   This section not only underscores the importance of the statement required by section 1679c(a), but also imposes its own strict but simple formal requirements.

Enrich's Opposition does not actually deny that Enrich's notice at Exhibit "3," p. 2, was numbered at bottom center, "page 2 of 10."   Nor does Enrich deny that its notice included two entire paragraphs of "written material" which were not part of the statement required in section 1679c(a).  Those paragraphs sought to impose warranty obligations upon the consumer, as well as indemnification duties.   Thus, Enrich's written statement was not provided as part of a document "separate from any other written contract or other agreement . . . or any other written material provided to the consumer."   Yet Enrich feels Plaintiff's argument is "nebulous." (Opposition, 16:6.)   And in its Statement of Genuine Disputes, Enrich responds to Plaintiff's SUF #5, "Enrich provided Plaintiff with a statement that failed to meet the formal requirements of 15 U.S.C. §1679c(b)," with "Disputed," again citing as "evidence" its portion of the parties Joint Statement re LR 7-3 (ECF No. 36).

Enrich's deviation from the formal requirements of section 1679c are significant.   By compressing all of the components it took from section 1679c(a) into one paragraph, Enrich made the disclosures less readable.  By following them with two extraneous paragraphs seeking to impose contractual warranty and indemnification duties upon the consumer, Enrich made the statement not one of consumer rights, but of consumer duties – *duties owed to the credit repair*

*organization.*

While the defense again refers to *Compucredit v. Greenwood* (2012) 132 S.Ct. 665, 565 U.S. 95, how the case applies in this context is baffling.   *Compucredit* did not touch on 1679c(b)'s formal requirements, and the case *sub judice* does not involve an arbitration clause.

**C. ENRICH HAS FAILED TO DEMONSTRATE ANY MATERIAL DISPUTE AS TO WHETHER IT VIOLATED  15 U.S.C. §§1679d(a)(2), 1679d(b)(4), 1679e(a)**.

Enrich makes the following puzzling accusation at page 18, lines 6-12:

"Plaintiff's Counsel made up a language [sic] that was not even part of ENRICH's contract, such as 'This is final and strictly NON-REFUNDABLE purchase and service has already been rendered.'  This language does not exist anywhere in the contract,[2] and its only purpose is to mislead the court."

The language quoted by Plaintiff's counsel is found on page 8 of the contract in the second full paragraph:

"PURCHASER understands and agrees that this charge is final and strictly a NON REFUNDABLE purchase from Enrich Financial and Service [sic] has been rendered already!"

After making the groundless accusation that the language of page 8, second

---

[2]   Enrich concedes that page 8 of Exhibit "3," the "Credit Card / Refund Policy," is in fact part of the contract when it argues, "Plaintiff's Counsel completely misinterpreted the language on Pg. 8 *of the Contract*." (Opposition, 17:25-26, italics emphatic.)

paragraph, simply does not exist – and is a fabrication of Plaintiff's counsel – Enrich attempts to justify that same language by pointing to the last paragraph of page 8, which reads in part, "all the charges after 5 day [sic] of signing the contract is [sic] FINAL and no refund will be applicable."   This statement does not ameliorate the preceding language of the second paragraph, however, in part because the second paragraph does not refer to a charge occurring after the fifth day, but one which "is final" – note the present tense -- and "NON REFUNDABLE because "Service [sic] has been rendered already!"

Nowhere in its Opposition does Enrich address the point that similar language is found on page 3 of 10, entitled "Official Agreement," in the third sentence of the fourth paragraph, which reads, "CLIENT understands that they [sic] may not cancel the original amount agreed to pay, due to The Credit Repair Specialist [sic] *immediate action* towards the CLIENT's credit repair."   (Italics emphatic.)

The language found on pages 3 and 8 Enrich's contract – in addition to admitting violations of 1679d(a)(2) – contradicts, overshadows and negates the notice of 1679d(b)(4), and the rights provided for in 1679e(a).

**D. ENRICH HAS FAILED TO DEMONSTRATE ANY MATERIAL DISPUTE AS TO WHETHER IT VIOLATED  15 U.S.C. § 1679d(b).**

Rather than directly addressing any of the arguments relating to section 1679d(b), Enrich merely quotes from the contract, then concludes that it complied with section 1679d(b).   Enrich fails to show where the contract describes any particular part of Plaintiff's "credit" that was to be "repaired," fails to reconcile the 1 year term at $500.00 per month with the $10,000.00 charge, and fails to point to any specific services which were to be performed.  Moreover, Enrich fails to explain why $500.00 month is a set price regardless how much work is actually required (if any actually is).  Nor does Enrich justify any charge at all, if it turned out there was simply were no inaccurate derogatory information to remove.

**E. ENRICH HAS FAILED TO DEMONSTRATE ANY MATERIAL DISPUTE AS TO WHETHER IT VIOLATED  15 U.S.C. § 1679e( c).**

Instead of providing direct evidence that Enrich provided Plaintiff with a copy of the contract – for example, in the form of a competent declaration from someone at the company – Enrich simply points to an rough draft deposition transcript, with no reporter's certification as required by Fed. R. Civ. Pro. 30(f), and which has not yet been reviewed by the deponent per 30(e).

Moreover, the opposing party neglects to mention to the Court that later in the same deposition – not after reviewing the transcript in printed form, but later in the same actual deposition – Plaintiff clarified the issue.  At page 133:

Q BY MR. LENGYEL-LEAHU: You received a copy
of the contract; right?
A[NSWER]: I did not. And like I said earlier, when
I was talking to Grace, I did not receive a copy
because I was supposed to go home and think about it
and then get back to her on whether I was going to go
with it or not go with it.

In short, no competent evidence contradicts the declaration of Plaintiff submitted with the moving papers, in which Plaintiff testified that he did not receive a copy of the contract from Enrich at all, and only received it later from SAI. (Raines Dec., ¶¶3, 9.)

**F. ENRICH HAS FAILED TO DEMONSTRATE ANY MATERIAL DISPUTE AS TO WHETHER IT VIOLATED  15 U.S.C. § 1679f( c).**

While Enrich cannot bring itself to concede that there were any problems with

its contract, it does not dispute Plaintiff's contention that if it failed to comply with CROA, the contract would be void and unenforceable, as section 1679f establishes. Nor does Enrich dispute that it sought to enforce the contract.

In its Statement of Genuine Disputes (ECF No. 58-1) Enrich responds to Plaintiff's SUF #14, "Enrich took $500.00 from Plaintiff based upon its contract on May 15, 2016," by stating "DISPUTED," then raises various "objections." Yet its response to Plaintiff's SUF #15 included the following acknowledgment contradicting the preceding dispute: "Raines paid $500.00 . . ."[3]

And while Enrich responds to Plaintiff SUF #15[4] with "DISPUTED," it then offers an "Objection" to the phrase "blemish Plaintiff's credit." The lengthy objection includes various arguments, but ultimately concedes, "Raines paid $500.00 leaving an outstanding balance of $9,500.00 *which is subject to collections*." (Italics emphatic.)

While Enrich feels it must tiptoe around the issue, no genuine dispute is offered to the exhibits and testimony showing that Enrich hired SAI to collect $9,500.00 from Plaintiff. (Raines Dec. ¶6; Exs. 1, 2, 5, 6) In fact, in the declaration filed in support of SAI's own motion in the related case, 2:21-cv-03046-JFW-JC (that matter's ECF No. 25-2), the C.O.O. of Simon's Agency, Inc. states that Enrich assigned his company Plaintiff's account (¶4), and that "SAI was collecting on the

---

[3]  It is difficult to see how this comports with LR 56-2, which requires that the opposing party's statement of genuine disputes sets forth "all material facts as to which it is contended there exists *a genuine dispute necessary to be litigated"* (Italics emphatic), or how it reflects comprehension of this Court's statement, "Counsel are reminded that unwarranted factual denials made in the context of a Summary Judgment Motion are subject to Rule 11 sanctions." (Scheduling and Case Management Order, 10:1-3; (ECF No. 25).)

[4]  "Enrich hired SIMON'S AGENCY, INC., to collect the remaining $9,500.00 allegedly owed on the contract, and to blemish Plaintiff's credit with that alleged debt."

debt allegedly owed to EFI." (¶6.)

## II. ENRICH'S ARGUMENT REGARDING DISCOVERY IS MERITLESS.

Enrich argues that Plaintiff should not be entitled to move for partial summary judgment since it hasn't received responses to its second set of discovery, and hasn't obtained a final deposition transcript yet.   (Opposition, 6:22-7:7.)   The argument falls far short of the standard set forth in Fed. R. Civ. Pro. 56(d), however, and is not supported by any testimonial evidence, even though defense counsel Doron Eghbali filed the sole declaration in support of Enrich's Opposition.   Mr. Eghbali's declaration does not address written discovery responses.

Moreover, most of the issues addressed in the instant motion are variations of one question: Does Enrich's contract with Plaintiff (Ex. "3") violate explicit requirements of CROA?   Enrich has not shown that its purportedly unsatisfied discovery could have any impact on the motion now before the Court.

## IV. CONCLUSION.

For the foregoing reasons, plaintiff DAN RAINES respectfully requests that the Court issue partial summary judgment against defendant ENRICH FINANCIAL, INC., as set forth above, reserving other issues for trial.

DATED: August 26, 2021                    Respectfully submitted,

By:    _/S/ Aidan W. Butler_
Aidan W. Butler
Attorney for Plaintiff
DAN RAINES